## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|                              |   |                              |
|------------------------------|---|------------------------------|
|                              | : |                              |
| YASSER CRUZ,                 | : |                              |
|       Plaintiff,             | : | CASE NO. 3:16-cv-1303 (VAB)  |
|                              | : |                              |
|       v.                     | : |                              |
|                              | : |                              |
| LIEUTENANT PRIOR, et al.,    | : |                              |
|       Defendants.            | : |                              |
|                              | : |                              |

## INITIAL REVIEW ORDER

Plaintiff, Yasser Cruz, currently incarcerated at the MacDougall-Walker Correctional Institution, filed this complaint pro se under 42 U.S.C. § 1983 ("Section 1983"), on August 3, 2016.  Mr. Cruz' motion to proceed in forma pauperis was granted on August 5, 2016.  The defendants are Lieutenant Prior, Counselor Dumas and District Administrator Angel Quiros.  Mr. Cruz asserts a claim for denial of due process at a disciplinary hearing, the result of which caused him to be declared a member of the Security Risk Group ("SRG") Latin Kings, and confined in restrictive housing for the next two years.  *See* Compl. ¶ 37, ECF No. 1.  Mr. Cruz seeks declaratory and injunctive relief as well as damages.

I.    Standard of Review

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  In reviewing a pro se complaint, the Court must "liberally construe [the] pleadings," and interpret the complaint to "raise the strongest arguments it suggests."

*Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-03 (2d Cir. 2010) (discussing special solicitude that courts ought to show to pro se litigants). Although detailed allegations are not required, the complaint must still include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

      II.   <u>Allegations</u>

      On March 23, 2016, Mr. Cruz was housed in general population at Corrigan-Radgowski Correctional Center and classified as an overall risk level 3.  Compl. ¶ 5, ECF No. 1.  That day, Captain Dougherty allegedly placed Mr. Cruz in restrictive housing on administrative detention status, pending investigation.  *Id.* ¶¶ 6-7.  On March 28, 2016, while confined in restrictive housing, a disciplinary report, issued by Captain Dougherty, was allegedly delivered to Mr. Cruz. *Id.* ¶¶ 8-9.  The disciplinary report allegedly charged Mr. Cruz with the offense of SRG affiliation.  *Id.* ¶ 10.  The disciplinary report allegedly stated that, following an investigation, Mr. Cruz was found to display behaviors associated with the SRG Latin Kings, namely, that he participated in an act of violence in the dormitory on March 23, 2016.  *Id.* ¶ 11.  Mr. Cruz denied involvement in any act of violence on that date.  *Id.* ¶ 12.

      The disciplinary report allegedly contained no specific information regarding the act of violence; no witnesses were identified and no incident reports or video footage were cited as evidence. *Id.* ¶ 13.  Mr. Cruz alleges that the report was too vague to enable him to understand

the charges against him and prepare a defense.  *Id.* ¶¶ 14-15.  Mr. Cruz alleges that he was never issued a disciplinary report relating to the underlying assault.  *Id.* ¶ 16.

On March 29, 2016, Mr. Cruz allegedly met with a disciplinary investigator, Correctional Officer Dousis.  *Id.* ¶ 17.  Mr. Cruz pled not guilty to the charge, elected to have the assistance of an advocate, and asked to view the evidence against him.  *Id.* ¶¶ 19-20.  Officer Dousis allegedly denied Mr. Cruz's request to view the evidence, on the ground that the evidence was confidential.  *Id.* ¶ 21.  On or around March 30, 2016, Mr. Cruz allegedly met with his advocate, Mr. Dumas.  Mr. Cruz allegedly provided Mr. Dumas with written and oral statements and asked to view the evidence that would be submitted at the hearing.  *Id.* ¶¶ 22-23.  Mr. Dumas allegedly denied this request, on the grounds that the evidence was confidential.  *Id.*  Mr. Dumas allegedly failed to conduct any independent investigation.  *Id.* ¶ 24.

The disciplinary hearing was held on March 31, 2016 before Lieutenant Prior, Mr. Dumas, and Officer Dousis.  *Id.* ¶ 25.  Lieutenant Prior allegedly upheld the previous denials of Mr. Cruz's request to view the evidence against him.  *Id.* ¶¶ 26-27.  Lieutenant Prior allegedly found Mr. Cruz guilty of SRG affiliation.  *Id.* ¶ 29.  As a result of the guilty finding, Defendant Quiros allegedly caused Mr. Cruz to be designated an SRG member and transferred to the SRG restrictive housing unit at MacDougall-Walker Correctional Institution.  *Id.* ¶¶ 30-31.  Mr. Cruz was allegedly not informed, either before or during the hearing, that this designation and transfer could occur.  *Id.* ¶¶ 32-33.

Mr. Cruz alleges that he must remain on SRG status for two years before he is eligible to return to general population.  *Id.* ¶ 34.  Allegedly, conditions in the SRG unit are qualitatively and quantitatively different from conditions experienced by other inmates.  *Id.* ¶ 35.  Mr. Cruz is

3

allegedly denied all parole opportunities, the ability to earn risk reduction or good time credits, vocational and educational training, recreation, use of exercise equipment, congregated religious services, private medical or mental health counseling sessions and use of televisions.  He alleges that he is required to remain in his cell with his cellmate for 23 or 24 hours a day and that he is handcuffed with hands behind his back during his one hour per day exercise time.  *Id.* ¶ 36.

III.    Discussion

Under the Supreme Court's ruling in *Sandin v. Conner*, 515 U.S. 472 (1995), inmates have no due process rights in relation to prison disciplinary proceedings, "unless a liberty interest" protected by due process "was infringed as a result" of those disciplinary proceedings. *Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004).  Thus, to state his claim for denial of due process in connection with his being declared a member of a SRG and put in restrictive housing while incarcerated, Mr. Cruz must "establish that he had a protected liberty interest in being free from the punishment that was imposed upon him."  *Scott v. Albury*, 156 F.3d 283, 286 (2d Cir. 1998).  Mr. Cruz has a protected liberty interest only (1) if the state has created a liberty interest in a statute or regulation and (2) deprivation of that interest caused plaintiff to suffer an "atypical and significant hardship in relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. at 484; *Anderson v. Recore*, 317 F.3d 194, 200 (2d Cir. 2003) ("[T]he *Sandin* court indicated that in the intra-prison disciplinary context, deprivation of a state-created liberty interest generally must impose an atypical and significant hardship in relation to the ordinary incidents of prison life in order to trigger due process protection.") (internal quotation marks omitted).

To make this determination, the Court must examine the punishment Mr. Cruz received. *See Palmer*, 364 F.3d at 64 ("[W]e read *Sandin* to require that we look to [the] actual punishment

4

in making this determination."). "Factors relevant to determining whether" an inmate plaintiff "endured an 'atypical and significant hardship'" under *Sandin* include (a) "the extent to which the conditions of the disciplinary segregation differ from other routine prison conditions" and (b) "the duration of the disciplinary segregation imposed compared to discretionary confinement. *Id.* (internal quotation marks omitted).

In *Sandin*, the Supreme Court held that confinement in restrictive housing for thirty days for disciplinary reasons did not implicate a constitutionally protected liberty interest. 515 U.S. at 485-86. The Second Circuit has held that confinement in restrictive housing for less than 101 days does not constitute an atypical and significant hardship sufficient to state a claim under *Sandin*, but that confinement for 305 days does. *See Sealey v. Giltner*, 197 F.3d 578, 589 (2d Cir. 1999) (finding that 101 day confinement in restrictive housing, while "doubtless unpleasant," did not constitute an atypical and significant hardship); *but see Colon v. Howard*, 215 F.3d 227, 231 (2d Cir. 2000) (holding that confinement in segregation for 305 days is sufficient departure from ordinary incidents of prison life to require procedural due process protections). Mr. Cruz alleges that he will be confined in SRG restrictive housing for two years. Thus, because this period of confinement exceeds the 305 days in *Colon*, he satisfies the *Sandin* requirements and his claim will proceed.

Mr. Cruz names the defendants in both individual and official capacities, but fails to specify in which capacity he seeks the requested relief. The Eleventh Amendment divests the district court of subject matter jurisdiction over claims for money damages against state officials acting in their official capacities unless the state has waived this immunity or Congress has abrogated it. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); Ford v. Reynolds, 316 F.3d

5

351, 354 (2d Cir. 2003) ("The Eleventh Amendment bars the award of money damages against state officials in their official capacities.").  Section 1983 does not abrogate state sovereign immunity.  *See Quern v. Jordan*, 440 U.S. 332, 343 (1979); *Sargent v. Emons*, 582 F. App'x 51, 52 (2d Cir. 2014) (summary order) ("[I]t is well established that Congress did not abrogate state sovereign immunity in enacting 42 U.S.C. § 1983.").  Mr. Cruz has provided no evidence suggesting that the State has waived immunity.  Thus, any claims for damages against the defendants in their official capacities are dismissed.  Damages claims survive, however, against the defendants in their individual capacities.  *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993) ("As to a [Section 1983] claim brought against him in his individual capacity, however, the state official has no Eleventh Amendment immunity.").

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)     All claims for damages against the defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2).

(2)     **The Clerk shall** verify the current work addresses for the defendants with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to each defendant at the confirmed address within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity, and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

6

(3)      **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the Amended Complaint on the defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(4)      **The Clerk shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5)      **The Clerk shall** send a courtesy copy of the Complaint and this Initial Review Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(6)      The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

(7)      Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

(8)      All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(9)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10)     If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated.  The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address.  The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

**SO ORDERED** at Bridgeport, Connecticut, this 23rd day of September, 2016.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge

8